Bobby Saadian, SBN 250377
**WILSHIRE LAW FIRM**
3055 Wilshire Blvd., 12th Floor
Los Angeles, California 90010
Telephone: (213) 381-9988
Facsimile: (213) 381-9989

*Attorneys for Plaintiff and*
*Proposed Class Counsel*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| Helen Kim, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>  vs.<br><br>Marriott International, Inc., a Delaware Corporation; Marriott Hotel Services, Inc., a Delaware Corporation; and DOES 1 to 10, inclusive,<br><br>    Defendants. | CASE NO.:<br><br>**CLASS ACTION**<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Helen Kim ("Plaintiff"), individually and on behalf of all others similarly situated, brings this action based upon personal knowledge as to herself and her own acts, and as to all other matters upon information and belief, based upon, *inter alia*, the investigations of her attorneys.

## NATURE OF THE ACTION

1.   Defendant Marriott International, Inc. and Marriott Hotel Services, Inc., (collectively as "Defendants" or "Marriott") owns and manages hotel properties located in California, in various states throughout the United States.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

Marriott has about 3,150 lodging properties located in the United States and 68 other countries and territories.

2.     Every day, hundreds (if not thousands) of consumers book hotel rooms at a hotel that is owned and/or managed by Marriott.  The guests who have stayed at Marriott's Starwood Brand did not expect that since 2014, their information was being stolen.

3.     When consumers book a hotel room at a hotel that is owned and/or managed by Marriott, they entrust Marriott with various forms of personally identifiable information ("PII") that Marriott requires them to divulge in order to reserve a hotel room. That PII includes the customer's full name, credit and debit card account numbers, card expiration dates, card verification codes, mailing address, phone number, email address, passport number, Starwood Preferred Guest ("SPG") account information, date of birth, gender, arrival and departure information, reservation date. Customers provide their information to Marriott based on their reasonable expectation that Marriott will take appropriate steps to safeguard their PII from being exposed to or accessed by other parties.

4.     On or about November 30, 2018, Defendant issued a notice stating: "Marriott values our guests and understands the importance of protecting personal information. We have taken measures to investigate and address a data security incident involving the Starwood guest reservation database. The investigation has determined that there was unauthorized access to the database, which contained guest information relating to reservations at Starwood properties on or before September 10, 2018."  Notice of Data Breach attached hereto as **Exhibit A**.

5.     Because the security of their PII has been compromised as a result of the data breach, Plaintiff and each member of the class alleged herein (the "Class Members") have been placed at an imminent, immediate, and continuing risk of identity theft-related harm. As a result, Plaintiff and the Class Members have been required to undertake expensive and time-consuming efforts to mitigate the actual

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

and potential impact of the data breach on their lives by, among other things, placing "freezes" and "alerts" with credit reporting agencies, contacting their financial institutions, closing or modifying financial accounts, and closely reviewing and monitoring their credit reports and accounts for unauthorized activity.

6.      Many Class Members, including Plaintiff, have been or will be required to purchase credit and identity monitoring service to alert them to potential misappropriation of their identity and to combat risk of further identity theft. At a minimum, therefore, Plaintiff (and each Class Member) has suffered compensable damages because she will be forced to incur the cost of a monitoring service which is a reasonable and necessary prophylactic step to prevent and mitigate future loss.

## THE PARTIES

7.      Plaintiff is a California citizen who resides in Los Angeles, California.  Plaintiff is a customer of Defendant and gave her PII to Defendant in connection with a hotel booking at Marriott's hotel in California. Plaintiff is informed and believes that, shortly after the data breach, Plaintiff's debit and credit card information was accessed by hackers.  In addition, Plaintiff has to purchase credit and personal identity monitoring service to alert her to potential misappropriation of her identity and to combat risk of further identity theft. Exposure of Plaintiff's PII as a result of the data breach has placed her at imminent, immediate, and continuing risk of further identity theft-related harm.

8.      Defendant Marriott is a Delaware corporation with its corporate headquarters located at 10400 Fernwood Road, Bethesda, MD 20817.  Marriott is registered to do business in the State of California and conducts substantial business in the State of California and in Los Angeles County, in particular.

9.      Plaintiff is unaware of the true names, identities, and capacities of the defendants sued herein as DOES 1 to 10.  Plaintiff will seek leave to amend this

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

complaint to allege the true names and capacities of DOES 1 to 10 if and when ascertained.  Plaintiff is informed and believes, and thereupon alleges, that each of the defendants sued herein as a DOE is legally responsible in some manner for the events and happenings alleged herein and that each of the defendants sued herein as a DOE proximately caused injuries and damages to Plaintiff as set forth below.

## JURISDICTION AND VENUE

10.     This Court has subject matter jurisdiction over the state law claims alleged in this First Amended Complaint pursuant to the Class Action Fairness Act, 28 U.S.C. §1332(d)(2)(A) because: (a) the matter in controversy exceeds the sum of $5 million, exclusive of interest and costs; and (b) all of the class members are citizens of a state (California) that is different from the state of citizenship of Defendant (Delaware).

11.     This Court has personal jurisdiction over Defendant because but for the fact that Marriott is registered to do business and conducting business in the State of California, Plaintiff and the Class Members would not have been able to book rooms at hotels owned and managed by Marriott, would not have provided their PII to Marriott, and would not have had their PII compromised and exposed in the Marriott data breach. Because Plaintiff's and the Class Members' claims arise out Defendant's business activities within the State of California, this Court has personal jurisdiction over Defendant for purposes of adjudicating the claims for relief alleged in this action.

12.     Venue is appropriate in this District because, among other things: (a) Plaintiff is a resident of this District and a citizen of the State of California; (b) Defendant directed its business activities at residents in this District; and (c) many of the acts and omissions that give rise to the claims for relief alleged in this action took place in this judicial District. Venue is further appropriate in this District pursuant to 28 U.S.C. § 1391 because Defendant conducts a significant amount of business in this District and because Defendant has substantial contacts

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

in this District.

## FACTUAL ALLEGATIONS

### A.    The Data Breach

13.    On September 8, 2018, Marriott received an alert from an internal security tool regarding an attempt to access the Starwood guest reservation database.

14.    Marriott discovered that an unauthorized party had copied and encrypted guest information.  On November 19, 2018, Marriott was able to decrypt the information and determined that the contents were from the Starwood guest reservation database.  Marriott has not finished identifying duplicate information in the database, but it contains information on up to approximately 500 million guests who made a reservation at a Starwood property. For approximately 327 million of these guests, the information includes some combination of name, mailing address, phone number, email address, passport number, Starwood Preferred Guest ("SPG") account information, date of birth, gender, arrival and departure information, reservation date, communication preferences, and payment card numbers and payment card expiration dates.

### B.    California Recognizes the Importance of PII

15.    Cal. Civ. Code §1798.81.5(a)(1) states that: "It is the intent of the Legislature to ensure that personal information about California residents is protected. To that end, the purpose of this section is to encourage businesses that own, license, or maintain personal information about Californians to provide reasonable security for that information."

### C.    PII Is Valuable to Hackers and Thieves

16.    It is well known, and the subject of many media reports, that payment card data is highly coveted and a frequent target of hackers.  Especially in the technology industry, the issue of data security and threats thereto is well known. Despite well-publicized litigation and frequent public announcements of data

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

breaches, Defendant maintained an insufficient and inadequate system to protect the PII of Plaintiff and Class Members.

17.     Legitimate organizations and criminal underground organizations alike recognize the value of PII.  Otherwise, they would not aggressively seek or pay for it.

18.     Credit or debit card information is highly valuable to hackers. Identity thieves use stolen PII for a variety of crimes, including credit card fraud, phone or utilities fraud, and bank/finance fraud. Credit and debit card information that is stolen from the point of sale is known as "dumps."  *See* Krebs on Security April 16, 2016, Blog Post, *available at* https://krebsonsecurity.com/2016/04/all-about-fraud-how-crooks-get-the-cvv/, attached hereto as **Exhibit B**.  Credit and debit card dumps can be sold in the cybercrime underground for a retail value of about "$20 apiece."  *Id.*  This information can also be used to clone a debit or credit card.  *Id.*

**D.     *The Data Breach Has Resulted and Will Result in Additional Identity Theft and Identity Fraud***

19.     Defendant failed to implement and maintain reasonable security procedures and practices appropriate to protect the PII of Plaintiff and the Class Members.

20.     The ramifications of Defendant's failure to keep Plaintiff's and the Class Members' data secure are severe.  According to Javelin Strategy and Research, "one in every three people who is notified of being a potential fraud victim becomes one . . . with 46% of consumers who had cards breached becoming fraud victims that same year."  "Someone Became an Identity Theft Victim Every 2 Seconds Last Year," Fox Business, Feb. 5, 2014 *available* at http://www.foxbusiness.com/personal-finance/2014/02/05/someone-became-identitytheft-victim-every-2-seconds-last-year.html attached hereto as **Exhibit C**.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

21.     In the case of a data breach, simply reimbursing a consumer for a financial loss due to fraud does not make that individual whole again.  On the contrary, after conducting a study, the Department of Justice's Bureau of Justice Statistics ("BJS") found that "among victims who had personal information used for fraudulent purposes, 29% spent a month or more resolving problems."  *See* "Victims of Identity Theft," U.S. Department of Justice, Dec. 2013, *available at* https://www.bjs.gov/content/pub/pdf/vit12.pdf attached hereto as **Exhibit D**.  In fact, the BJS reported, "resolving the problems caused by identity theft [could] take more than a year for some victims."  *Id*. at 11.

22.     A person whose PII has been obtained and compromised may not see the full extent of identity theft or fraud for years.  It may take some time for the victim to become aware of the theft.  In addition, a victim may not become aware of charges when they are nominal, as typical fraud-prevention algorithms may not capture such charges.  Those charges may be repeated, over and over again, on a victim's account.

### E.  Annual Monetary Losses from Identity Theft are in the Billions of Dollars

23.     According to the BJS, an estimated 17.6 million people were victims of one or more incidents of identity theft in 2014.  Among identity theft victims, existing bank or credit card accounts were the most common types of misused information.  *Id*.

24.     Javelin Strategy and Research reports that losses from identity theft reached $21 billion in 2013.  *See* 2018 Identity Fraud Report, attached hereto as **Exhibit E**. There may be a time lag between when harm occurs and when it is discovered and also between when PII is stolen and when it is used. According to the U.S. Government Accountability Office ("GAO"), which conducted a study regarding data breaches:

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

COMPLAINT AND DEMAND FOR JURY TRIAL

> [L]aw enforcement officials told us that in some cases, stolen data may be held for up to a year or more before being used to commit identity theft. Further, once stolen data have been sold or posted on the Web, fraudulent use of that information may continue for years. As a result, studies that attempt to measure the harm resulting from data breaches cannot necessarily rule out all future harm.

See GAO, Report to Congressional Requesters, at 33 (June 2007), *available* at *http://www.gao.gov/new.items/d07737.pdf*, attached hereto as **Exhibit F**.

25.     As a result of the data breach, Plaintiff and the Class Members now face years of constant surveillance of their financial and personal records, monitoring, and loss of rights.  Plaintiff and the Class Members are also subject to a higher risk of phishing and pharming where hackers exploit information they already obtained to get even more PII.  Plaintiff and the Class Members are presently incurring and will continue to incur such damages in addition to any fraudulent credit and debit card charges incurred by them and the resulting loss of use of their credit and access to funds, whether or not such charges are ultimately reimbursed by the credit card companies.

### F.     *Plaintiff and the Class Members Suffered Damages*

26.     The exposure of Plaintiff's and the Class Members' PII to unauthorized third parties resulted from three specific actions and/or inactions by Defendant.  First, Marriott required that Plaintiff and the Class Members provide their PII to Marriott in order to book a Marriott hotel room.  Second, unbeknownst to Plaintiff and the Class Members, Marriott enabled their PII to be disclosed to unauthorized third parties.  Third, Marriott was entrusted with its customers' PII without ensuring that it had in place a reasonable and adequate system of security procedures and practices to protect the PII of Plaintiff and the Class Members from being compromised and exposed to third parties.  Therefore, the exposure of Plaintiff's and the Class Members' PII to unauthorized third parties was a direct and proximate result of Defendant's failure to properly safeguard and protect

COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff's and the Class Members' PII from unauthorized access, use, and disclosure as well as Defendant's failure to establish and implement appropriate administrative, technical, and physical safeguards to ensure the security and confidentiality of Plaintiff's and the Class Members' PII in order to protect such PII against reasonably foreseeable threats to the security of such information.

27.    Plaintiff's and the Class Members' PII is private and sensitive in nature and was inadequately protected by Defendant.  Defendant did not obtain Plaintiff's and the Class Members' knowing, voluntary, and informed consent to disclose their PII to other third parties as required by applicable law and industry standards.

28.    As a direct and proximate result of Defendant's wrongful actions and inaction, Plaintiff and the Class Members have been placed at an imminent, immediate, and continuing risk of harm from identity theft and identity fraud, requiring them to take the time and effort to mitigate the actual and potential impact of the Marriott data breach on their lives by, among other things, placing "freezes" and "alerts" with credit reporting agencies, contacting their financial institutions, closing or modifying financial accounts, and closely reviewing and monitoring their credit reports and accounts for unauthorized activity.

29.    Defendant's wrongful actions and inaction directly and proximately caused the theft and dissemination into the public domain of Plaintiff's and the Class Members' PII, causing them to suffer, and continue to suffer, economic damages and other actual harm for which they are entitled to compensation, including:

a.    The improper disclosure, compromising and theft of their PII;

b.    The imminent and certainly impending injury flowing from potential fraud and identity theft posed by their PII being placed in the hands of unauthorized parties and misused via the sale of Plaintiff's and the Class Members' information on the Internet black market;

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

c.   Ascertainable losses in the form of out-of-pocket expenses and the value of their time reasonably incurred to remedy or mitigate the effects of the data breach;

d.   Ascertainable losses in the form of deprivation of the value of their PII, for which there is a well-established national and international market; and

e.   Overpayments to Defendant for bookings and purchases during the period of the subject data breach in that implied in the price paid for such booking by Plaintiff and the Class Members to Defendant was the promise that some amount of the booking charge would be applied to the costs of implementing reasonable and adequate safeguards and security measures that would protect customers' PII, which Defendant did not implement, and, as a result, Plaintiff and the Class Members did not receive what they paid for and were overcharged by Defendant.

## CLASS ACTION ALLEGATIONS

30.   Plaintiff brings this action on her own behalf and, pursuant to Federal Rules of Civil Procedure Rule 23(a), (b)(2) and (b)(3), on behalf of the California class defined as follows:

All persons residing in the State of California who booked a room or rooms at a Marriott hotel at any time during the time applicable period (the "California Class").

31.   The Nationwide Class, initially defined as:

All persons residing in the United States who booked a room or rooms at a Marriott hotel at any time during the time applicable period (the "Nationwide Class").

32.   Excluded from the Class are: (a) Defendant, including any entity in which Defendant has a controlling interest, is a parent or a subsidiary of, or which is controlled by Defendant; (b) the officers, directors, and legal representatives of

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

Defendant; and (c) the judge and the court personnel in this case as well as any members of their immediate families.  Plaintiff reserves the right to amend the Class definition if discovery and/or further investigation reveal that it should be modified.

33.     *Numerosity*. Fed. R. Civ. P. 23(a)(1). The members of the Class are so numerous that the joinder of all members of the Class in single action is impractical. While the exact number of Class Members is unknown to Plaintiff at this time, Defendant has acknowledged that customers' PII was compromised for hotel bookings that were made during a period of at least 8 months.  Therefore, it stands to reason that the number of Class Members numbers at least in the hundreds and likely in the thousands. The Class Members are readily identifiable from information and records in Defendant's possession, custody, or control, such as reservation receipts and confirmations.

34.     *Commonality and Predominance*. Fed. R. Civ. P. 23(a)(2) and (b)(3). There are questions of law and fact common to the Class Members, which predominate over any questions affecting only individual Class Members. These common questions of law and fact include, without limitation:

a.     Whether Defendant owed a duty to Plaintiff and the Class Members to safeguard and protect the security of their PII;

b.     Whether Defendant took reasonable steps and measures to safeguard and protect Plaintiff's and the Class Members' PII;

c.     Whether Defendant had a duty to promptly notify Plaintiff and Class Members that their PII was, or potentially could be, compromised;

d.     Whether Defendant notified Plaintiff and the Class Members, in the most expedient time possible and without unreasonable delay, that their PII had been compromised;

e.     Whether Defendant violated Cal. Civ. Code §1798.81.5(b) and/or (c) and/or Cal. Civ. Code §1798.82(a);

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

COMPLAINT AND DEMAND FOR JURY TRIAL

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

f.      Whether Defendant violated California's Unfair Competition Law by failing to safeguard and protect Plaintiff's and the Class Members' PII;

g.      Whether Defendant has an implied contractual obligation to Plaintiff and the Class Members to implement and maintain reasonable security measures to safeguard Plaintiff's and the Class Members' PII;

h.      Whether Defendant breached its implied contractual obligation to implement and maintain reasonable security measures to safeguard Plaintiff's and the Class Members' PII;

i.      Whether Defendant breached the covenant of good faith and fair dealing implied in its contracts with Plaintiff and the Class Members;

j.      The nature of the relief, including equitable relief, to which Plaintiff and the Class Members are entitled;

k.      Which security procedures and which data-breach notification procedures Defendant should be required to implement as part of any injunctive relief ordered by the Court; and

l.      Whether Plaintiff and the Class Members are entitled to damages, restitution and/or injunctive relief.

35.     *Typicality.* Fed. R. Civ. P. 23(a)(3).  Plaintiff's claims are typical of those of other Class Members because Plaintiff's PII, like that of every other Class Member, was misused, improperly disclosed, and/or negligently entrusted to a third party by Defendant.

36.     *Adequacy of Representation.* Fed. R. Civ. P. 23(a)(4).  Plaintiff will fairly and adequately represent and protect the interests of the Class Members. Plaintiff has retained competent counsel experienced in litigation of class actions, including consumer and data breach class actions, and Plaintiff intends to prosecute this action vigorously.   Plaintiff's claims are typical of the claims of all

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

of the other Class Members, and Plaintiff has the same non-conflicting interests as the other Class Members.  Therefore, the interests of the Class Members will be fairly and adequately represented by Plaintiff and her counsel.

37.    *Superiority of Class Action*. Fed. R. Civ. P. 23(b)(3). A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The adjudication of this controversy through a class action will avoid the possibility of inconsistent and potentially conflicting adjudications of the asserted claims.  There will be no difficulty in the management of this action as a class action, and the disposition of the claims of the Class Members in a single action will provide substantial benefits to all parties and to the Court. Damages for any individual Class Member are likely insufficient to justify the cost of individual litigation so that, in the absence of class treatment, Defendant's violations of law inflicting substantial damages in the aggregate would go un-remedied.

38.    Class certification is also appropriate under Fed. R. Civ. P. 23(a) and (b)(2) because Defendant has acted or refused to act on grounds generally applicable to the Class, such that final injunctive relief or corresponding declaratory relief is appropriate as to the Class as a whole.

## **FIRST CLAIM FOR RELIEF**

### **Violation of Cal. Civil Code §1798.81.5(b)**

39.    Plaintiff repeats and incorporates herein by reference each and every allegation contained in paragraphs 1 through 38, inclusive, of this Complaint as if set forth fully herein.

40.    Cal. Civ. Code §1798.81.5(b) requires that "A business that owns, licenses, or maintains personal information about a California resident shall implement and maintain reasonable security procedures and practices appropriate to the nature of the information, to protect the personal information from unauthorized access, destruction, use, modification, or disclosure."

COMPLAINT AND DEMAND FOR JURY TRIAL

41.     Plaintiff and the Class Members are "customer[s]" within the meaning of Cal. Civil Code §1798.80(c) and are California residents.

42.     Defendant is a "business" within the meaning of Cal. Civil Code §1798.80(a).

43.     Plaintiff's and the Class Members' PII constitutes "personal information" within the meaning of Cal. Civil Code §1798.80(e).

44.     Defendant violated Cal. Civ. Code §1798.81.5(b) by failing to implement and maintain reasonable security procedures and practices appropriate to the nature of the information to protect Plaintiff's and the Class Members' PII from unauthorized access, destruction, use, modification, or disclosure as evidenced by the fact that the security of Plaintiff's and the Class Members' PII was compromised and exposed to at least one unauthorized party and perhaps more.

45.     More specifically, Defendant provided Plaintiff's and the Class Members' PII to Marriott without ensuring that it had in place a reasonable and adequate system of security procedures and practices to protect the PII of Plaintiff and the Class Members from being compromised and exposed to third parties.

46.     As a direct and proximate result of Defendant's violation of Cal. Civ. Code §1798.81.5(b), Plaintiff's and the Class Members' PII was compromised and exposed in connection with the Marriott data breach.

47.     As a result of the Marriott's data breach and the exposure of their PII to unauthorized third parties, Plaintiff and the Class Members have been placed at an imminent, immediate, and continuing risk of identity theft-related harm and are thereby entitled to recover compensatory damages in an amount according to proof at trial pursuant to Cal. Civ. Code §1798.84(b).

### SECOND CLAIM FOR RELIEF

### Violation of Cal. Civil Code §1798.81.5(c)

48.     Plaintiff repeats and incorporates herein by reference each and every

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

allegation contained in paragraphs 1 through 38, inclusive, of this Complaint as if set forth fully herein.

49. Cal. Civ. Code §1798.81.5(c) requires that "A business that discloses personal information about a California resident pursuant to a contract with a nonaffiliated third party that is not subject to subdivision (b) shall require by contract that the third party implement and maintain reasonable security procedures and practices appropriate to the nature of the information, to protect the personal information from unauthorized access, destruction, use, modification, or disclosure."

50. Plaintiff is informed and believes, and thereupon alleges, that Marriott is a nonaffiliated third party to which Defendant disclosed personal information about Plaintiff and the Class Members pursuant to contract and is not subject to Cal. Civ. Code §1798.81.5(b).

51. Defendant violated Cal. Civ. Code §1798.81.5(c) by providing Plaintiff's and the Class Members' PII to Marriott without requiring by contract that Marriott have in place reasonable security procedures and practices appropriate to the nature of Plaintiff's and the Class Members' PII to protect their PII from unauthorized access, destruction, use, modification, or disclosure as evidenced by the fact that the security of Plaintiff's and the Class Members' PII was compromised and exposed to at least one unauthorized party and perhaps more.

52. As a direct and proximate result of Defendant's violation of Cal. Civ. Code §1798.81.5(c), Plaintiff's and the Class Members' PII was compromised and exposed in connection with the Marriott data breach.

53. As a result of the Marriott data breach and the exposure of their PII to unauthorized third parties, Plaintiff and the Class Members have been placed at an imminent, immediate, and continuing risk of identity theft-related harm and are thereby entitled to recover compensatory damages in an amount according to

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

proof at trial pursuant to Cal. Civ. Code §1798.84(b).

## THIRD CLAIM FOR RELIEF

### Violation of Cal. Civil Code §1798.82

54.    Plaintiff repeats and incorporates herein by reference each and every allegation contained in paragraphs 1 through 38, inclusive, of this Complaint as if set forth fully herein.

55.    Cal. Civ. Code §1798.82(a) requires that "A person or business that conducts business in California, and that owns or licenses computerized data that includes personal information, shall disclose a breach of the security of the system following discovery or notification of the breach in the security of the data to a resident of California (1) whose encrypted personal information was, or is reasonably believed to have been, acquired by an unauthorized person …"

56.    Cal. Civ. Code §1798.82(a) further requires that the disclosure of a data breach be made "in the most expedient time possible and without unreasonable delay, consistent with the needs of law enforcement, as provided in subdivision (c), or any measures necessary to determine the scope of the breach and restore the reasonable integrity of the data system."

57.    The Marriott data breach constitutes a "breach of the security of the system" within the meaning of Cal. Civ. Code §1798.82(g).

58.    Defendant did not announce to Plaintiff and the Class Members that the Marriott data breach had occurred and that it had resulted in the exposure of Plaintiff's and the Class Members' PII to an unauthorized party until November 30, 2018 – more than four years after the date on which it was breached. Moreover, Defendant still has yet to provide appropriate notification to Plaintiff and the Class Members as required by Cal. Civ. Code §1798.82.

59.    Defendant violated Cal. Civ. Code §1798.82 by failing to notify Plaintiff and the Class Members of the Marriott data breach in the most expedient time possible and without unreasonable delay and by failing to provide

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

appropriate notification to Plaintiff and the Class Members as required by Cal. Civ. Code § 1798.82.

60.     Upon information and belief, no law enforcement agency instructed Defendant that notification to Plaintiff and the Class Members would impede a criminal investigation.

61.     Defendant's unreasonable delay in providing appropriate notification to Plaintiff and the Class Members prevented Plaintiff and the Class Members from taking immediate, prophylactic steps to safeguard their PII and to mitigate any identity-theft related harm that Plaintiff and the Class Members may suffer as a result of the data breach.

62.     As a direct and proximate result of Defendant's violation of Cal. Civ. Code §1798.82, Plaintiff and the Class Members have been placed at an imminent, immediate, and continuing risk of identity theft-related harm and are thereby entitled to recover compensatory damages in an amount according to proof at trial pursuant to Cal. Civ. Code §1798.84 (b).

## FOURTH CLAIM FOR RELIEF

### Breach of Contract

(Breach of Implied Contractual Promise)

63.     Plaintiff repeats and incorporates herein by reference each and every allegation contained in paragraphs 1 through 38, inclusive, of this Complaint as if set forth fully herein.

64.     Defendant solicited and invited Plaintiff and the Class Members to book hotel rooms at one of Defendant's hotels.  Plaintiff and the Class Members accepted Defendant's offers and booked hotel rooms at one of Defendant's hotels.

65.     When Plaintiff and the Class Members booked hotel rooms at one of Defendant's hotels, they were required to provide their PII to Defendant.  In so doing, Plaintiff and the Class Members entered into implied agreements with Defendant pursuant to which Defendant undertook a duty to safeguard and protect

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

such information and made an implied contractual promise to do so.

66.  The contractual duty which Defendant undertook was implied by law under Cal. Civ. Code §1798.81.5(b) and (c).

67.  Each booking by Plaintiff and the Class Members was made pursuant to their mutually agreed-upon implied agreements with Defendant under which Defendant agreed to: (a) implement and maintain reasonable security procedures to protect Plaintiff's and the Class Members' personal information from unauthorized access, destruction, use, modification, or disclosure; and (b) ensure that any third parties who were provided with Plaintiff's and the Class Members' PII had in place a reasonable and adequate system of security procedures and practices to protect Plaintiff's and the Class Members' PII from being compromised and exposed to third parties.

68.  Plaintiff and the Class Members would not have provided and entrusted their PII to Defendant in the absence of the implied contractual promise.

69.  Plaintiff and the Class Members fully performed their obligations under their agreements with Defendant.

70.  Defendant breached the implied contractual promise that it made to Plaintiff and the Class Members by: (a) failing to implement and maintain reasonable security procedures to protect Plaintiff's and the Class Members' PII from unauthorized access, destruction, use, modification, or disclosure; and (b) failing to ensure that any third parties who were provided with Plaintiff's and the Class Members' PII had in place a reasonable and adequate system of security procedures and practices to protect Plaintiff's and the Class Members' PII from being compromised and exposed to third parties.

71.  Plaintiff and the Class Members have lost the benefit of their bargain with Defendant by having their PII compromised and exposed and have been placed at an imminent, immediate, and continuing risk of identity theft-related harm.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

72. As a direct and proximate result of Defendant's breaches of the implied contractual promises alleged herein, Plaintiff and the Class Members sustained actual losses and damages in an amount according to proof at trial but in excess of the minimum jurisdictional requirement of this Court.

## FIFTH CLAIM FOR RELIEF

### Breach of Contract

(Breach of Covenant of Good Faith and Fair Dealing)

73. Plaintiff repeats and incorporates herein by reference each and every allegation contained in paragraphs 1 through 38, inclusive, of this Complaint as if set forth fully herein.

74. California law implies a covenant of good faith and fair dealing in every contract.

75. Plaintiff and the Class Members contracted with Defendant by accepting Defendant's offers and paying for the booking of hotel rooms.

76. Plaintiff and the Class Members performed all of their duties under their agreements with Defendant.

77. All of the conditions required for Defendant's performance under the contracts have occurred.

78. Defendant breached the covenant of good faith and fair dealing implied in its contracts with Plaintiff and the Class Members by engaging in the following conscious and deliberate acts: (a) failing to implement and maintain reasonable security procedures to protect Plaintiff's and the Class Members' PII from unauthorized access, destruction, use, modification, or disclosure; and (b) failing to ensure that any third parties who were provided with Plaintiff's and the Class Members' PII had in place a reasonable and adequate system of security procedures and practices to protect Plaintiff's and the Class Members' PII from being compromised and exposed to third parties.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

79.    Plaintiff and the Class Members have lost the benefit of their bargain with Defendant by having their PII compromised and have been placed at an imminent, immediate, and continuing risk of identity theft-related harm.

80.    As a direct and proximate result of Defendant's breach of the covenant of good faith and fair dealing, Plaintiff and the Class Members have suffered injury and are entitled to damages in an amount to be proven at trial but in excess of the minimum jurisdictional requirement of this Court.

## SIXTH CLAIM FOR RELIEF

### Violation of Cal. Bus. & Prof. Code § 17200

(Unlawful Business Practices)

81.    Plaintiff repeats and incorporates herein by reference each and every allegation contained in paragraphs 1 through 38, inclusive, of this Complaint as if set forth fully herein.

82.    Defendant has violated Cal. Bus. & Prof. Code §17200 et seq. by engaging in unlawful business acts and practices that constitute acts of "unfair competition" as defined in Cal. Bus. & Prof. Code §17200.

83.    Defendant violated Cal. Civ. Code §1798.81.5(b) by failing to implement and maintain reasonable security procedures and practices appropriate to the nature of Plaintiff's and the Class Members' PII to protect their PII from unauthorized access, destruction, use, modification, or disclosure.

84.    Defendant violated Cal. Civ. Code §1798.81.5(c) by providing Plaintiff's and the Class Members' PII without requiring that its security in place be of high standards and practices appropriate to the nature of Plaintiff's and the Class Members' PII to protect their PII from unauthorized access, destruction, use, modification, or disclosure.

85.    Defendant violated Cal. Civ. Code §1798.82 by failing to notify Plaintiff and the Class Members of the Marriott data breach in the most expedient time possible and without unreasonable delay and by failing to provide

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12ᵗʰ Floor
Los Angeles, CA 90010-1137

COMPLAINT AND DEMAND FOR JURY TRIAL

appropriate notification to Plaintiff and the Class Members as required by Cal. Civ. Code § 1798.82.

86.    As a direct and proximate result of Defendant's unlawful acts and practices, Plaintiff and the Class Members were injured and lost money or property, including but not limited to the booking fees that they paid to Defendant and the loss of their legally protected interest in the confidentiality and privacy of their PII.

87.    Plaintiff and the Class Members seek disgorgement and restitution to Plaintiff and the Class Members of money or property that Defendant acquired from Plaintiff and the Class Members by means of its unlawful business practices.

88.    Plaintiff and the Class Members also seek injunctive relief against Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Class, prays for relief as follows:

### On The First And Second Claims For Relief

For compensatory damages in an amount according to proof at trial; and

For affirmative injunctive relief mandating that Defendant implement and maintain reasonable security procedures and practices to protect Plaintiff's and the Class Members' PII from unauthorized access, destruction, use, modification, or disclosure.

### On The Third Claim For Relief

For compensatory damages in an amount according to proof at trial; and

For affirmative injunctive relief mandating that Defendant provide appropriate notification of the data breach to Plaintiff and the Class Members as required by Cal. Civ. Code §1798.82.

### On The Fourth And Fifth Claims For Relief

For compensatory damages in an amount according to proof at trial.

COMPLAINT AND DEMAND FOR JURY TRIAL

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

## On The Sixth Claim For Relief

For disgorgement and restitution to Plaintiff and the Class Members of the money or property that Defendant acquired from Plaintiff and the Class Members by means of its unlawful business practices;

For affirmative injunctive relief mandating that Defendant implement and maintain reasonable security procedures and practices to protect Plaintiff's and the Class Members' PII from unauthorized access, destruction, use, modification, or disclosure; and

For affirmative injunctive relief mandating that Defendant provide appropriate notification of the data breach to Plaintiff and the Class Members as required by Cal. Civ. Code §1798.82.

## On All Claims For Relief

For costs of suit and litigation expenses; and

For such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of herself and the Class, hereby demands a trial by jury on all claims so triable.

Dated: November 30, 2018                    WILSHIRE LAW FIRM

                                            /s/_____
                                            Bobby Saadian
                                            Attorneys for Plaintiff

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137